✎AO 399   (Rev. 10/95)

## WAIVER OF SERVICE OF SUMMONS

TO: <u>Aaron Gbewonvo, Esq., Attorney for Plaintiff, Clarence Edward Stanfield Jr.</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Brian Earl</u> , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>Stanfield Jr. v. United Parcel Service, Inc., et al.</u> ,
(CAPTION OF ACTION)

which is case number <u>2:25-cv-03776</u> in the United States District Court
(DOCKET NUMBER)

for the <u>Eastern</u> District of <u>California</u> .

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>April 9, 2026</u> ,
or within 90 days after that date if the request was sent outside the United States.
(DATE REQUEST WAS SENT)

<u>5/11/26</u>                    /s/ Romtin Parvaresh
(DATE)                                      (SIGNATURE)

Printed/Typed Name: <u>Romtin Parvaresh, Counsel for Defendant Brian Earl</u>

As <u>            </u> of <u>            </u>
(TITLE)                     (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On May 11, 2026, I served the within document(s):

### WAIVER OF SERVICE OF SUMMONS

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Carney R. Shegerian, Esq. | Attorneys for Plaintiff |
| Aaron Gbewonyo, Esq. | CLARENCE EDWARD STANFIELD JR |
| Norelle Miranda, Esq. | |
| SHEGERIAN & ASSOCIATES, INC. | Tel. (310) 860.0770; Fax (310) 860.0771 |
| 320 North Larchmont Boulevard | Emails: CShegerian@Shegerianlaw.com; |
| Los Angeles, California 90004 | AGbewonyo@Shegerianlaw.com; |
| | NMiranda@Shegerianlaw.com; |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

1

CERTIFICATE OF SERVICE
CASE NO.: 2:25-CV-03776-DAD-SCR

323090537v.1

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 11, 2026, at Los Angeles, California.

_____
Laura Thixton

2

323090537v.1