SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Romtin Parvaresh (SBN 301554)
rparvaresh@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California  90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

SEYFARTH SHAW LLP
Phillip J. Ebsworth (SBN 311026)
pebsworth@seyfarth.com
400 Capitol Mall, Suite 2300
Sacramento, California  95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
BRIAN EARL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE EDWARD STANFIELD JR,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.; UPS WEST SACRAMENTO FACILITY; BRIAN EARL; and DOES 1 to 100, inclusive,<br><br>Defendant. | Case No. 2:25-cv-03776-DAD-SCR<br>(Sacramento Case No. 25-cv-024997)<br><br>ASSIGNED TO DISTRICT JUDGE<br>DALE A. DROZD<br><br>**DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed      October 17, 2025<br>Date of Removal:    December 31, 2025<br>Trial Date:             None yet set |

325971784v.4

Defendant Brian Earl ("Defendant") hereby responds to the unverified Complaint ("Complaint") filed by Plaintiff Clarence Edward Stanfield Jr. ("Plaintiff") and sets forth his affirmative defenses as follows:

### SUMMARY

This is an action by plaintiff, Clarence Edward Stanfield ("plaintiff" or "Stanfield"), whose employment with defendant United Parcel Service, Inc. ("UPS" or "Defendant"), UPS West Sacramento Facility. ("UPS West" or "Defendant") (collectively, "Entity Defendants") was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Labor Code section 1102.5(j), and Code of Civil Procedure section 1021.5.

**ANSWER:**

Answering the Paragraph titled "Summary," Defendant admits that Plaintiff purports to bring claims against Defendant and other defendants, but denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations.

### PARTIES

**COMPLAINT ¶1:**

*Plaintiff:* Plaintiff Stanfield is, and at all times mentioned in this Complaint was, a resident of the County of Sacramento, California.

**ANSWER:**

1.      Answering Paragraph 1, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

**COMPLAINT ¶2:**

*Defendants:* Entity Defendants are, and at all times mentioned in this Complaint were, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Sacramento. Defendants' place of business, where the following causes of action took place, was and is in the County of Sacramento, at 1380 Shore Street, West Sacramento, California 95691. Defendant Brian Earl ("Earl") is, and at all times mentioned in this

2

Complaint was, a supervisor with defendants. Defendant Earl is, and at all times mentioned in this Complaint was, a resident of Sacramento, California.

**ANSWER:**

2.    Answering Paragraph 2, Defendant admits that he was employed by United Parcel Service, Inc. ("UPS") as a Preload Supervisor in West Sacramento, California, which is located in Yolo County. As for the remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to them and denies them on that basis.

**COMPLAINT ¶3:**

*Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

**ANSWER:**

3.    Answering Paragraph 3, Defendant admits that Plaintiff purports to sue unknown defendants under fictious names. As for the remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to them and denies them on that basis.

**COMPLAINT ¶4:**

*Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for

3

325971784v.4

plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

**ANSWER:**

4.      Answering Paragraph 4, Defendant denies the allegations.

**COMPLAINT ¶5:**

Defendant UPS both directly and indirectly employed plaintiff Stanfield, as defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

**ANSWER:**

5.      Answering Paragraph 5, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and denies them on that basis.

**COMPLAINT ¶6:**

In addition, defendant UPS compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

**ANSWER:**

6.      Answering Paragraph 6, Defendant denies the allegations.

**COMPLAINT ¶7:**

Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

**ANSWER:**

7.      Answering Paragraph 7, Defendant denies the allegations.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

## **VENUE**

**COMPLAINT ¶8:**

The actions at issue in this case occurred in the State of California, in the County of Sacramento. Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n a county in which the department has an office, ***in a county in which unlawful practices are alleged to have been committed***, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the county of the defendant's residence or principal office. . . (Italics and bolding added)

(California Government Code § 12965(b).)

**ANSWER:**

8.    Answering Paragraph 8, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that he worked with Plaintiff at a UPS facility in West Sacramento, California, which is located in Yolo County, and Defendant denies the remaining allegations.

**COMPLAINT ¶9:**

Here, the plaintiff worked primarily in California in the County of Sacramento. The location where plaintiff worked was located in West Sacramento, California. The majority of the unlawful actions on the part of the defendants occurred at said West Sacramento location.

**ANSWER:**

9.    Answering Paragraph 9, Defendant admits that he worked with Plaintiff at a UPS facility in West Sacramento, California, which is located in Yolo County. Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding Plaintiff's "primary" workplace and denies them on that basis. Defendant denies the remaining allegations.

**COMPLAINT ¶10:**

"[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (Mission Imports, Inc. v. Superior Court (1982) 31 Cal.3d 921,

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (Brown v. Superior Court (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (Id. at 487.)

**ANSWER:**

10.     Answering Paragraph 10, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**COMPLAINT ¶ NO. 10a.:**

*Plaintiff's hiring:* Clarence Stanfield, a 44-year-old African American male, was hired by Entity Defendants on or around October 20, 2014, and was employed by them for nearly ten years prior to his termination. In or around May 2018, Stanfield was promoted from Part-Time Supervisor to Full-Time Supervisor/Preload Supervisor. At all times, Stanfield performed his job in an exemplary manner.

**ANSWER:**

10a.     Answering Paragraph 10a, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and denies them on that basis.

**COMPLAINT ¶11:**

Plaintiff's protected status and activity:

     a.     Plaintiff is an African American male;

     b.     Plaintiff made protected complaints about conduct reasonably believed to be a violation of or non-compliance with federal, state, or local laws or regulations;

**ANSWER:**

11.     Answering Paragraph 11 and each sub-paragraph, Defendant admits that Plaintiff is an African American male. As for the remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to them and denies them on that basis.

**COMPLAINT ¶12:**

Defendants' adverse employment actions and behavior:

6

    a.    Throughout his employment, Stanfield was subjected to a pattern of racially motivated harassment and discrimination by his co-workers and supervisors, particularly defendant Brian Earl ("Earl"), a White male. Specifically, Stanfield regularly witnessed that he was not being afforded the same rights, benefits and privileges as his non-African American counterparts.

    b.    The treatment Stanfield was subjected to reached a peak on or about April 25, 2024, when Earl called Stanfield over the radio during operations, stating he had something that belonged to him. When Stanfield arrived, he was presented with a package bearing a label addressed to "Nigga." Earl proceeded to claim it was meant for Stanfield. Stanfield was deeply offended by this, and objected to being subjected to such blatant discrimination. On or around April 29, 2024, Stanfield complained about the racist package to his Manager, Spencer Lewis. However, no corrective action was taken in response.

    c.    On or about April 26, 2024, Stanfield was engaged in a discussion with another employee, Tameko Jones ("Jones"), regarding a routine business matter. Earl then proceeded to insert himself into this conversation, suddenly becoming aggressive with Stanfield by stepping into his personal space and blocking the exit to the room. In However, Earl became increasingly aggressive and combative. Earl proceeded to press forward within inches of Stanfield's face and continued to behave in an aggressive manner, while making threatening statements toward Stanfield. Approximately eight members of management were present for this interaction, including Stanfield's manager Spencer Lewis ("Lewis"). However, all failed to intervene or otherwise immediately address the incident.

    d.    In or about May 2024, Stanfield was interviewed by Trina Irons ("Irons") and another representative of Defendants regarding the April 26th incident.

**ANSWER:**

12. Answering Paragraph 12 and each sub-paragraph, Defendant admits that on approximately April 26, 2024, there was a workplace incident between Plaintiff and Defendant during

7

325971784v.4

which Plaintiff threatened to physically attack Defendant. Defendant further admits that other coworkers were present during the incident, including Spencer Lewis. Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding Plaintiff's complaint about a package in April 2024 or Plaintiff being interviewed in May 2024 and denies them on that basis. Defendant denies the remaining allegations. Defendant expressly denies that he harassed or discriminated against Plaintiff based on any protected characteristic, including race, in any way.

**COMPLAINT ¶13:**

Defendants' termination of Stanfield's employment:

a.      On or around May 23, 2024, Stanfield was called into a meeting with manager Jeffery Kendall ("Kendall"), Lewis, and an unknown Human Resources ("HR") representative whom Stanfield had never met. During this meeting, Kendall informed Stanfield that he was terminated.

**ANSWER:**

13.     Answering Paragraph 13 and each sub-paragraph, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and denies them on that basis.

**COMPLAINT ¶14:**

*Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

**ANSWER:**

14.     Answering Paragraph 14, Defendant denies the allegations.

**COMPLAINT ¶15:**

*Non-economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**ANSWER:**

15.    Answering Paragraph 15, Defendant denies the allegations.

**COMPLAINT ¶16:**

*Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a.    *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his race, color, and/or ancestry, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b.    *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his race, color, and/or ancestry , and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c.    *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's

9

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

**ANSWER:**

16.    Answering Paragraph 16 and each sub-paragraph, Defendant denies the allegations.

**COMPLAINT ¶17:**

*Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

**ANSWER:**

17.    Answering Paragraph 17, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and denies them on that basis.

**COMPLAINT ¶18:**

*Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CCRD"), formerly known as the Department of Fair Employment and Housing ("DFEH"), and receiving a CCRD/DFEH right-to-sue letter.

**ANSWER:**

18.    Answering Paragraph 18, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and denies them on that basis.

**FIRST CAUSE OF ACTION**
**Discrimination on the Bases of Race; Color; and/or Ancestry**
**(Violation of Government Code § 12900, *et seq.*)**
**Against Entity Defendants; and Does 1 to 100, Inclusive**

**COMPLAINT ¶19:**

The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

19.    Answering Paragraph 19, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

10

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**COMPLAINT ¶20:**

At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because but not limited to the employee's race, color, and/or ancestry.

**ANSWER:**

20.    Answering Paragraph 20, this cause of action is not directed at Defendant and thus no response is required. Furthermore, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶21:**

Plaintiff's race, color, and/or ancestry, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

**ANSWER:**

21.    Answering Paragraph 21, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶22:**

As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

**ANSWER:**

22.    Answering Paragraph 22, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶23:**

As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

11

325971784v.4

**ANSWER:**

23.    Answering Paragraph 23, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶24:**

Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**ANSWER:**

24.    Answering Paragraph 24, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding legal expenses and attorneys' fees incurred by Plaintiff and denies them on that basis, and Defendant denies the remaining allegations.

**COMPLAINT ¶25:**

Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**ANSWER:**

25.    Answering Paragraph 25, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**
**Hostile Work Environment Harassment on the Bases of**
**Race; Color; and/or Ancestry**
**(Violation of Government Code § 12900, *et seq.*)**
**Against All Defendants; and Does 1 to 100, Inclusive**

**COMPLAINT ¶26:**

The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

26.    Answering Paragraph 26, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

12

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**COMPLAINT ¶27:**

At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from harassing any employee because of the employee's race, color, and/or ancestry.

**ANSWER:**

27.    Answering Paragraph 27, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶28:**

Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's race, color, and/or ancestry, and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

**ANSWER:**

28.    Answering Paragraph 28, Defendant denies the allegations.

**COMPLAINT ¶29:**

Pursuant to Government Code section 12923(b), a single incident of harassing conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, abusive, oppressive, or offensive working environment.

**ANSWER:**

29.    Answering Paragraph 29, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶30:**

As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

**ANSWER:**

30.    Answering Paragraph 30, Defendant denies the allegations.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**COMPLAINT ¶31:**

As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

**ANSWER:**

31.     Answering Paragraph 31, Defendant denies the allegations.

**COMPLAINT ¶32:**

Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**ANSWER:**

32.     Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding legal expenses and attorneys' fees incurred by Plaintiff and denies them on that basis, and Defendant denies the remaining allegations.

**COMPLAINT ¶33:**

Defendants' harassment was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**ANSWER:**

33.     Answering Paragraph 33, Defendant denies the allegations.

**THIRD CAUSE OF ACTION**
**Retaliation for Engaging in Protected Activity**
**(Violation of Government Code § 12900, *et seq.*)**
**Against Entity Defendants; and Does 1 to 100, Inclusive**

**COMPLAINT ¶34:**

The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

34.     Answering Paragraph 34, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant incorporates the responses

14

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶35:**

At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA and/or assisting and/or participating in an investigation, opposing defendants' failure to provide rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

**ANSWER:**

35.     Answering Paragraph 35, this cause of action is not directed at Defendant and thus no response is required. Furthermore, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶36:**

Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

**ANSWER:**

36.     Answering Paragraph 36, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶37:**

As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**ANSWER:**

37.    Answering Paragraph 37, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶38:**

As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

**ANSWER:**

38.    Answering Paragraph 38, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶39:**

Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**ANSWER:**

39.    Answering Paragraph 39, this cause of action is not directed at Defendant and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding legal expenses and attorneys' fees incurred by Plaintiff and denies them on that basis, and Defendant denies the remaining allegations.

**COMPLAINT ¶40:**

Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**ANSWER:**

40.    Answering Paragraph 40, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

16

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

## FOURTH CAUSE OF ACTION
### Negligent Hiring, Supervision, and Retention
### (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)
### Against Entity Defendants; and Does 1 to 100, Inclusive

**COMPLAINT ¶41:**

The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

41.   Answering Paragraph 41, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶42:**

Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct. Defendants owed a duty of care to plaintiff not to retain managers or employees who would discriminate against, harass, or retaliate against employees for engaging in protected activities. Defendants owed a duty of care to plaintiff to supervise their managers and employees closely to ensure that they would refrain from harassing and retaliating against plaintiff.

**ANSWER:**

42.   Answering Paragraph 42, this cause of action is not directed at Defendant and thus no response is required. Furthermore, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶43:**

Defendants breached these duties. As a result, defendants caused damages to plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision of their managers and employees, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, according to proof.

17

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**ANSWER:**

43.    Answering Paragraph 43, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

## FIFTH CAUSE OF ACTION
**Wrongful Termination of Employment in Violation of Public Policy**
(*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167)
**Against Defendants; and Does 1 to 100, Inclusive**

**COMPLAINT ¶44:**

The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

44.    Answering Paragraph 44, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶45:**

Defendants terminated plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, plaintiff's employment was terminated in part because of his protected status race, color, ancestry and protected activity. These actions were in violation of, but not limited to, the FEHA, the California Constitution, Government Code section 12900, *et seq.*, and California Labor Code section 1102.5.

**ANSWER:**

45.    Answering Paragraph 45, Defendant denies the allegations.

**COMPLAINT ¶46:**

As a proximate result of defendants' wrongful termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

**ANSWER:**

46.    Answering Paragraph 46, Defendant denies the allegations.

18

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**COMPLAINT ¶47:**

As a result of defendants' wrongful termination of his employment, plaintiff has suffered general and special damages in sums according to proof.

**ANSWER:**

47.   Answering Paragraph 47, Defendant denies the allegations.

**COMPLAINT ¶48:**

Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages.

**ANSWER:**

48.   Answering Paragraph 48, Defendant denies the allegations.

**COMPLAINT ¶49:**

Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

**ANSWER:**

49.   Answering Paragraph 49, Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding legal expenses and attorneys' fees incurred by Plaintiff and denies them on that basis, and Defendant denies the remaining allegations.

**SIXTH CAUSE OF ACTION**
**Failure to Prevent Discrimination, Harassment, or Retaliation**
**(Violation of Government Code § 12900, *et seq.*)**
**Against Entity Defendants; and Does 1 to 100, Inclusive**

**COMPLAINT ¶50:**

The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

19

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**ANSWER:**

50.     Answering Paragraph 50, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶51:**

At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

**ANSWER:**

51.     Answering Paragraph 51, this cause of action is not directed at Defendant and thus no response is required. Furthermore, this Paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶52:**

During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of plaintiff's race, color, and/or ancestry.

**ANSWER:**

52.     Answering Paragraph 52, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶53:**

Plaintiff believes that he was subjected to discrimination, harassment and retaliation because of his race, color, and/or ancestry.

**ANSWER:**

53.     Answering Paragraph 53, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding Plaintiff's "beliefs" and denies them on that basis, and Defendant denies the remaining allegations.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**COMPLAINT ¶54:**

As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiffs have sustained and continue to sustain substantial losses of earnings and other employment benefits.

**ANSWER:**

54.     Answering Paragraph 54, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶55:**

As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

**ANSWER:**

55.     Answering Paragraph 55, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

**COMPLAINT ¶56:**

Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

**ANSWER:**

56.     Answering Paragraph 56, this cause of action is not directed at Defendant and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding legal expenses and attorneys' fees incurred by Plaintiff and denies them on that basis, and Defendant denies the remaining allegations.

**COMPLAINT ¶57:**

Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**ANSWER:**

57.     Answering Paragraph 57, this cause of action is not directed at Defendant and thus no response is required. To the extent a response is required, Defendant denies the allegations.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

## SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
(*Hughes v. Pair* (2009) 46 Cal.4th 1035)
### Against All Defendants; and Does 1 to 100, Inclusive

**COMPLAINT ¶58:**

The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

**ANSWER:**

58.    Answering Paragraph 58, Defendant incorporates the responses contained in the previous paragraphs of this Answer as if fully set forth herein.

**COMPLAINT ¶59:**

Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted extreme and outrageous misconduct and caused plaintiff severe emotional distress. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of his livelihood, would devastate plaintiff and cause him extreme hardship.

**ANSWER:**

59.    Answering Paragraph 59, Defendant denies the allegations.

**COMPLAINT ¶60:**

As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

**ANSWER:**

60.    Answering Paragraph 60, Defendant denies the allegations.

**COMPLAINT ¶61:**

As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

**ANSWER:**

61.    Answering Paragraph 61, Defendant denies the allegations.

22

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**COMPLAINT ¶62:**

Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

**ANSWER:**

62.     Answering Paragraph 62, Defendant denies the allegations.

**PRAYER**

WHEREFORE, Plaintiff, Clarence Edward Stanfield, prays for judgment against defendants as follows:

1.     For general and special damages according to proof;

2.     For exemplary damages, according to proof;

3.     For pre-judgment and post-judgment interest on all damages awarded;

4.     For reasonable attorneys' fees;

5.     For costs of suit incurred;

6.     For declaratory relief:

7.     For such other and further relief as the Court may deem just and proper;

ADDITIONALLY, plaintiff, demands trial of this matter by jury. The amount demanded exceeds $35,000.00 (Government Code § 72055).

**ANSWER:**

Answering the Prayer, Defendant admits that Plaintiff purports to demand a jury trial and an amount in excess of $35,000. However, Defendant expressly denies that Plaintiff is entitled to any relief. Defendant denies any factual allegations in the Prayer for Relief. To the extent any further response is required, Defendant denies the allegations.

**SEPARATE AND AFFIRMATIVE DEFENSES**

In further answer to the Complaint, and as separate and distinct affirmative or additional defenses, Defendant alleges the following, without assuming the burden of proof on any defense on which he would not otherwise have the burden of proof by operation of law.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**FIRST SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Failure to State a Cause of Action)**

1. Plaintiff's Complaint, and each purported cause of action therein, fail to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendant.

**SECOND SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Failure of Condition Precedent Based on Failure to Exhaust)**

2. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has failed to exhaust administrative remedies or other prerequisites prior to filing this action, including but not limited to those required by California Government Code §§ 12960 and 12965.

**THIRD SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Statute of Limitations)**

3. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Civil Code §§ 335.1, 338, 340, and 343 and California Government Code §§ 12940, 12960, and 12965.

**FOURTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Estoppel)**

4. Plaintiff is equitably estopped from asserting his claims for relief to the extent Plaintiff has, by his own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of Defendant of which he now complains.

**FIFTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Laches)**

5. Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

**SIXTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Waiver)**

6. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

24

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

**SEVENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Release)**

7.    Plaintiff's claims are barred in whole or in part to the extent he has executed a release encompassing claims alleged in his Complaint.

**EIGHTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Accord And Satisfaction)**

8.    To the extent Plaintiff accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

**NINTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(*Res Judicata* And Collateral Estoppel)**

9.    Plaintiff's Complaint, and each purported cause of action alleged therein, are barred by the doctrines of *res judicata* and/or collateral estoppel, to the extent Plaintiff asserted the same claims in any prior legal or administrative proceeding, and did not prevail on such claims.

**TENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Consent/Authorization)**

10.    Assuming *arguendo* that any unlawful conduct occurred, which Defendant denies, Plaintiff knowingly and voluntarily consented to the conduct of which he complains.

**ELEVENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Ratification)**

11.    Plaintiff's Complaint, and each cause of action alleged herein, are barred on the ground that Plaintiff ratified Defendant's alleged actions.

**TWELFTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Unclean Hands)**

12.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTEENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE**

**(Substantial Compliance)**

13.    Plaintiff's Complaint, and each purported cause of action alleged therein, are barred in whole or in part because Defendant complied with his statutory obligations, and to the extent it is

25

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

determined that there was technical non-compliance, Defendant substantially complied with his obligations and is not liable in whole or in part for the claims of Plaintiff.

### FOURTEENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

**(Setoff and Recoupment)**

14. To the extent the Court holds that Plaintiff is entitled to damages, which are specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

### FIFTEENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

**(Privilege/Justification)**

15. Assuming *arguendo* that any of the actions alleged in the Complaint were taken by Defendant, such actions were at all times privileged or justified.

### SIXTEENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

**(Managerial Discretion)**

16. Plaintiff's claims, in whole or in part, are barred to the extent that any and all decisions made and actions taken by and/or on behalf of Defendant, were made and taken in the exercise of proper managerial discretion and in good faith.

### SEVENTEENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

**(Mixed Motive)**

17. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff demonstrates that his protected status or activities were a motivating factor for any challenged employment action, on the grounds that Defendant would have taken the same action for legitimate, independent reasons in the absence of such impermissible motivating factor.

### EIGHTEENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

**(Same Decision)**

18. To the extent that Plaintiff demonstrates his protected status or activities were a substantial motivating factor for any challenged employment action, Defendant would have taken that same action anyway at that time for legitimate, independent reasons. As a result, the court may not

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

award Plaintiff damages, back pay, or order reinstatement. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 211 (2013).

## NINETEENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Prompt Remedial Action)

19.     To the extent that Plaintiff complained of any unlawful conduct, Defendant took prompt and appropriate remedial action to investigate and address his complaint(s) and took appropriate corrective action.

## TWENTIETH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Injury)

20.     Plaintiff sustained no injuries, damages or loss by reason of any act of Defendant.

## TWENTY-FIRST SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Avoidable Consequences Doctrine)

21.     Plaintiff's Complaint, and each purported cause of action alleged therein, are barred by the avoidable consequences doctrine.

## TWENTY-SECOND SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Failure To Mitigate Damages)

22.     Plaintiff is not entitled to back pay, front pay, and/or other economic damages, to the extent that he failed to seek and obtain other employment and otherwise failed to mitigate his alleged loss of wages or other damages.

## TWENTY-THIRD SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Collateral Source Of Emotional Distress)

23.     Plaintiff's claims for emotional distress fail on the grounds that any alleged emotional distress was caused by a collateral source, wholly apart from the alleged conduct of Defendant.

## TWENTY-FOURTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Failure To Invoke Internal Complaint Procedures)

24.     Plaintiff's Complaint, and each purported cause of action alleged therein, are barred to the extent Plaintiff did not invoke all of the internal complaint procedures arising from alleged discrimination, retaliation, harassment, or other unlawful conduct, or Plaintiff unreasonably delayed in

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

invoking such procedures through UPS's Human Resources Department or through other personnel authorized to directly deal with such issues.

## TWENTY-FIFTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Failure To Exercise Reasonable Preventive Or Corrective Opportunities)

25.     To the extent any of the UPS's employees or agents engaged in unlawful discriminatory, harassing, or retaliatory behavior toward Plaintiff, Defendant is not liable for any such discrimination, harassment, or retaliation and/or Plaintiff's damages must be reduced, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to otherwise avoid harm.

## TWENTY-SIXTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Failure to Inform Defendant of Alleged Violations)

26.     Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff failed to inform Defendant of any alleged unlawful conduct or purported complaints, prior to filing a lawsuit. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time Plaintiff filed this lawsuit.

## TWENTY-SEVENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Contributory/Comparative Fault)

27.     To the extent Plaintiff suffered any damages or injuries as alleged in the Complaint, such injuries or damages were caused, in whole or in part, by the acts or omissions of Plaintiff himself, and any recovery is therefore barred or reduced in accordance with Plaintiff's negligent, reckless, or intentional conduct.

## TWENTY-EIGHTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Intentional Conduct)

28.     Plaintiff's claims are barred to the extent that he cannot show that Defendant engaged in discrimination, harassment, or retaliation against him on account of any protected characteristic or protected activity and/or in unlawful retaliation.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

## TWENTY-NINTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Extreme and Outrageous Conduct)

29.     Plaintiff's Complaint, and each purported cause of action alleged therein, fail to allege facts sufficient to show any extreme and outrageous conduct on the part of Defendant, and therefore, fail to support a claim for emotional distress damages.

## THIRTIETH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Severe Emotional Distress)

30.     Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff has not suffered any severe emotional distress, as required to support a claim for emotional distress damages.

## THIRTY-FIRST SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Causation of Emotional Distress)

31.     Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff has not alleged any tangible or medical evidence of emotional distress as a result of any conduct alleged in Plaintiff's Complaint. Alternatively, to the extent that any alleged emotional distress is alleged by Plaintiff, it was caused by a collateral source other than Defendant.

## THIRTY-SECOND SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Workers' Compensation Exclusivity)

32.     Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries, is governed by the California Workers' Compensation Act pursuant to California Labor Code §§ 3600 *et seq*.

## THIRTY-THIRD SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Lawful Policies)

33.     Plaintiff's claims are barred in whole or in part because UPS has strict anti-discrimination, anti-harassment, and anti-retaliation policies during the time in which Plaintiff was employed and which were strictly enforced.

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

## THIRTY-FOURTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Adequate Investigation)

34.    Plaintiff's claims are barred in whole or in part because Defendant conducted and completed an adequate investigation as to any alleged unlawful conduct or any alleged conduct in violation of UPS's policies. Defendant gave Plaintiff a full and fair opportunity to participate in the investigation and to provide any information that he wanted to be considered. Defendant then considered all of the information provided by Plaintiff, all of the information provided from all other sources, and the totality of circumstances before finalizing its investigation.

## THIRTY-FIFTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Good Faith)

35.    Plaintiff's claims are barred in whole or in part to the extent that any and all conduct of which Plaintiff complains or which is attributable to Defendant was undertaken in good faith and without malice, was a lawful exercise of sound discretion of Defendant's legal rights, and was based on a rational, reasonable consideration of the facts. To the extent the Court holds that Plaintiff is entitled to damages or penalties, which are specifically denied, Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that he had complied fully with California law. Additionally, UPS's policies forbid unlawful harassment, retaliation, and discrimination. Consequently, Defendant's conduct was not knowing or willful within the meaning of applicable California laws, including the California Government Code.

## THIRTY-SIXTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Attorneys' Fees Or Costs)

36.    Plaintiff's claim for recovery of attorneys' fees and costs is precluded to the extent such fees and costs are not recoverable by statute or by contract. Plaintiff's claim for attorneys' fees and costs is also precluded to the extent that such fees and costs are not adequately documented and are not reasonable.

## THIRTY-SEVENTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Legitimate Business Reasons)

37.    Plaintiff's claims are barred in whole or in part because the alleged treatment complained

30

325971784v.4

of by Plaintiff, if it occurred, is permissible as it was based on legitimate, good-faith, non-discriminatory, and non-retaliatory reasons.

## THIRTY-EIGHTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Management Discretion/Business Judgment)

38.    Plaintiff's claims are barred in whole or in part to the extent that any and all conduct of which Plaintiff complains or which is attributable to Defendant was a just and proper exercise of management discretion undertaken for a fair and honest reason, and was a reasonable exercise of business judgment not forbidden by law.

## THIRTY-NINTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Scope of Employment)

39.    Plaintiff's Complaint, and each purported cause of action therein, are barred to the extent that the actions of UPS's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

## FORTIETH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Harassment)

40.    Plaintiff's claims, in whole or in part, are barred, because the conduct alleged in Plaintiff's Complaint was not unwelcome, not severe or pervasive, not based on race or any other protected status or any protected activity, and not conduct that a reasonable person in Plaintiff's circumstances would have considered to be hostile, intimidating, offensive, oppressive or abusive. Plaintiff's claims, in whole or in part, are further barred, because the conduct alleged in Plaintiff's Complaint was not conduct that Plaintiff himself considered to be hostile or abusive.

## FORTY-FIRST SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Speculative Damages)

41.    Plaintiff's losses, if any, are speculative and/or uncertain, and therefore, are not compensable.

## FORTY-SECOND SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Duplicative Damages)

42.    Plaintiff's claims, in whole or in part, are barred to the extent that Plaintiff alleges

31

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

multiple duplicative statutory causes of action under the Fair Employment and Housing Act ("FEHA") and seeks the same damages or other relief for the same alleged harm. Plaintiff's claims are also barred to the extent that his theories for wrongful termination in violation of public policy are the same as his theories for violations of the FEHA.

### FORTY-THIRD SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (No Punitive Damages)

43.    Plaintiff's claim for punitive damages is barred to the extent that there has been a good faith implementation of anti-discrimination, anti-harassment, and anti-retaliation policies. As a result, any alleged conduct in violation of UPS's policies cannot be considered to have been authorized, or subsequently ratified, by Defendant.

### FORTY-FOURTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (Failure to State a Claim for Relief for Punitive Damages)

44.    Plaintiff is not entitled to recover any punitive or exemplary damages against Defendant, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud, and/or malice, perpetrated or ratified by an officer, director, or managing agent of Defendant, as required pursuant to California Civil Code § 3294(a).

### FORTY-FIFTH SEPARATE AFFIRMATIVE OR ADDITIONAL DEFENSE

### (After-Acquired Evidence)

45.    To the extent investigation or discovery discloses information which could serve as a basis for a defense to Plaintiff's claims, Plaintiff is barred from recovery by the doctrine of after-acquired evidence; or alternatively the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### RESERVATION OF RIGHTS

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims, and he has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated defenses. Defendant has not waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4

through discovery or further investigation of Plaintiff's claims. Defendant further reserves the right to amend his answer or defenses accordingly and/or to delete defenses that he determines are not applicable during the course of discovery.

To the extent that Defendant has not expressly admitted an allegation of the Complaint or denied an allegation of the Complaint based on a lack of knowledge and information, Defendant denies all further and remaining allegations of the Complaint, and no response contained herein is intended to constitute a waiver of such denial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by his Complaint;

2. That Defendant did not damage or harm Plaintiff in any way;

3. That Plaintiff is not entitled to any general or special damages, exemplary damages, punitive damages, interest, declaratory relief, attorneys' fees and costs of suit, and/or any other legal or equitable remedy due to any act or omission of Defendant;

4. That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

5. That Defendant be awarded reasonable attorneys' fees according to proof;

6. That Defendant be awarded costs of suit incurred herein; and

7. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: June 8, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Romtin Parvaresh*
Jon D. Meer
Phillip J. Ebsworth
Romtin Parvaresh
Attorneys for Defendant BRIAN EARL

33

DEFENDANT BRIAN EARL'S ANWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

325971784v.4